COWEN, Circuit Judge, dissenting.
I believe that the issues addressed at some length by the Court have not been properly preserved for appellate consideration. With respect to the merits, I have serious doubts as to the validity of the approach actually adopted by the majority. I therefore must respectfully dissent.
It is well established that this Court generally refuses to consider an argument or issue that a party has failed to raise in the District Court. See, e.g., C.H. v. Cape Henlopen Sch. Dist., 606 F.3d 59, 73 (3d Cir.2010) (finding that due process claim was never asserted in district court and refusing to address merits of constitutional argument raised for first time on appeal); In re Ins. Brokerage Antitrust Litig., 579 F.3d 241, 261-62 (3d Cir.2009) (stating that, in absence of exceptional circumstances, we will not consider issues raised for first time on appeal and explaining that party must present argument at appropriate time and with sufficient specificity); In re Surrick, 338 F.3d 224, 237 (3d Cir.2003) (“We need not address the merits of Surrick’s third and final argument — that the state court’s ruling violates his First Amendment rights and therefore constitutes a grave injustice pursuant to RAC 11(D) — as he failed to adequately raise it before the District Court.” (citing Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1298 (3d Cir.1991))). Similarly, we usually refrain from addressing an argument or issue not properly raised and discussed in the appellate briefing. See, e.g., Surrick, 338 F.3d at 237 (“Further, to the extent that Surrick’s reply brief may be read to challenge the District Court’s finding of waiver with respect to the First Amendment argument that was asserted below, we conclude that his failure to identify or argue this issue in his opening brief constitutes waiver of this argument on appeal.” (citing Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir.1993))).
Both before the District Court and now on appeal, Forrestal has failed to raise the various issues resolved by the majority. Specifically, it has failed to raise the issue *404 of whether, in cases where one party’s country of incorporation has made an Article 96 declaration under the CISG while the country of the other party to the alleged contract has not done so, a court must initially decide, based on the forum’s choice-of-law rules, which country’s law applies and then apply the substantive law of the applicable jurisdiction. Likewise, the parties have not briefed the specific question of whether New Jersey or Argentine law applies here. The majority itself acknowledges that the District Court did not conduct a choice-of-law analysis and did not explicitly consider any form requirements, or any exceptions to those requirements, recognized under either New Jersey or Argentine law. In a letter dated May 7, 2010, this Court even went so far as to direct Forrestal’s counsel to respond to the following two questions:
1. Is it your contention that a choice of law analysis must be conducted under New Jersey law (as the law of the forum state) in order to decide whether the contract laws of Argentina or the contract laws of New Jersey govern here? If so, please explain in detail why such an analysis was required? And please explain where you raised and preserved this contention below?
2. Is it your contention that the contract law of Argentina would provide you with a legal claim even in the absence of a written contract? If so, why? Also please explain where you raised and preserved this contention below?
Through its counsel, Forrestal eventually submitted a document that I believe is, at best, non-responsive to our letter and ultimately unhelpful.
I believe that it would be inappropriate for this Court to consider these CISG and choice-of-law issues at this juncture. In fact, the complexity and outright novelty of the CISG issue clearly weigh in favor of following our usual approach to non-preserved arguments and issues. The majority itself notes that it has uncovered almost no case law indicating how we should address the situation in which one state has made an Article 96 declaration under the CISG (i.e., Argentina) and the other state has not made an equivalent declaration (i.e., the United States). In turn, it further observes that courts in other countries as well as various commentators are divided over how to proceed in such circumstances and that even the supporters of the position ultimately adopted in the majority opinion have not explained their own reasoning in any real detail. We should be especially reluctant to address a totally novel yet important issue of international law where we do not have the benefit of full and proper briefing by the parties.
Finally, considering arguendo the merits of these issues (which the Court should not), I would still have considerable difficulty agreeing with the majority’s holding that a choice-of-law analysis is required here because such an approach appears to be at odds with the CISG itself. I acknowledge that the majority has clearly given this novel question a great deal of attention and has thoroughly, fairly, and competently explained its own reasoning. However, it still appears that, given the plain language of this international treaty, its structure, and its purposes, a written contract is required where, as here, one of the relevant countries has exercised its right to make an Article 96 declaration. In turn, because Forrestal has clearly failed to produce the requisite written agreement, its contractual claim must accordingly fail as a matter of law. Nevertheless, I reiterate that we should not reach the merits of this complicated issue at this time.